12 So.3d 253 (2009)
In the Interest of J.P., a child.
J.P., Petitioner,
v.
Department of Children and Family Services, Guardian Ad Litem Program, and P.S., Respondents.
No. 2D08-5486.
District Court of Appeal of Florida, Second District.
May 8, 2009.
*254 Charles Michael Kelly, Bradenton, for Petitioner.
Jeffrey Dana Gillen, Statewide Appeals Director, and David G. Taylor, Children's Legal Services, West Palm Beach, for Respondent Department of Children and Family Services.
Jennifer S. Paullin, Appellate Counsel, Orlando, for Respondent Guardian ad Litem Program.
Mira Staggers White, Murdock, for Respondent P.S.
WALLACE, Judge.
J.P. (the Father) is the father of the minor child, J.P. The Father petitions this court for a writ of certiorari to review the circuit court order that granted P.S.'s motion to intervene as a party. P.S. (the Maternal Grandmother) is the child's maternal grandmother. Because a grandparent cannot intervene as a party in a dependency proceeding, we grant the petition and quash the circuit court's order.
During the dependency proceeding, the circuit court granted the Maternal Grandmother's motion to intervene as a party. In his petition for certiorari review, the Father argues that the circuit court's order should be quashed because the Maternal Grandmother could intervene as a participant in the dependency proceeding, but not as a party. The Department of Children and Family Services (DCF) correctly concedes error based on J.L. v. G.M., 687 So.2d 977 (Fla. 4th DCA 1997).
A petition for writ of certiorari is appropriate to review an order granting a grandparent's motion to intervene as a party in a dependency proceeding. Id. at 977. The jurisdictional requirements for certiorari review are met in this case because the circuit court's order may reasonably cause material injury of an irreparable nature. See id. (finding that orders granting a grandparent's motion to intervene as a party would interfere with [the parents'] parental rights, [and] also with the actions deemed necessary by [DCF] to prevent risk to the child while the dependency case is pending). Thus we turn our attention to whether the circuit court departed from the essential requirements of the law.
In dependency proceedings, a party is defined as the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child. 39.01(50), Fla. Stat. (2007); see also Fla. R. Juv. P. 8.210(a). The plain language of the statute does not include grandparents within the definition of a party. Here, as in J.L., the circuit court
departed from the essential requirements of the law by allowing persons who do not fall within the definition of "parties" to intervene. The granting of party status to these relatives was also contrary to Florida's strong public policy against unwarranted interference with *255 the parenting decisions of an intact family unit.
687 So.2d at 977-78.
Accordingly, we grant the Father's petition for writ of certiorari and quash the circuit court's order. On remand, the circuit court may consider whether the Maternal Grandmother should be allowed to intervene as a participant in accordance with section 39.01(49) and Florida Rule of Juvenile Procedure 8.210(b).
Petition granted, order quashed, and case remanded.
VILLANTI, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.